# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTIS C. CARROLL, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-3885 |
| | : | |
| DONALD R. TOTARO, LANCASTER COUNTY OF PENNSYLVANIA | : : | |

# AMENDED MEMORANDUM[1]

**KEARNEY, J.**                                                                                                                                                                              **November 7, 2022**

      Serial litigant incarcerated Artis C. Carroll, Jr. returns today with another *pro se* complaint against persons allegedly related to his departure from Millersville University several years ago and subsequent conviction and sentence for trespassing on the University grounds.[2] Mr. Carroll unsuccessfully attempted to sue Millersville University and University officials challenging grading decision and alleged misconduct leading to his conviction.[3] He today sues the presiding state court judge for acting outside his jurisdiction when he sentenced Mr. Carroll after a jury convicted Mr. Carroll of trespass. Mr. Carroll also sues Lancaster County (where the University is located) for failure to train and discipline the presiding judge and other judges on jurisdiction and double jeopardy. We granted Mr. Carroll leave to proceed without paying the filing fees and now screen his allegations. His claims lack merit. The presiding judge is absolutely immune for the sentencing in court, and the County is not charged with training state court judges nor can Mr. Carroll allege a custom or policy of teaching judges to violate the Constitution. We dismiss his latest complaint with prejudice as Mr. Carroll cannot amend to plead civil rights claims against these parties.

I.      **Alleged *pro se* facts and matters of public record.**

Millersville University accepted Artis Carroll as a student in July 2011.[4] Mr. Carroll went to the University Registrar's office on March 25, 2015 demanding a form to change a grade with which he disagreed.[5] Registrar personnel told Mr. Carroll to leave several times. He returned to the Registrar's office the next day.[6] Mr. Carroll again remained at the Registrar's office despite being told to leave.[7] The University police cited Mr. Carroll for trespass.[8]

The University's Judicial Affairs Director Lori Austin emailed Mr. Carroll on March 27, 2015 requesting a meeting.[9] She charged him with violating the student code of conduct regulations, notified him of an interim suspension arising from the March 25th and March 26th incidents, and advised he should remain off University property or he would be charged with trespassing.[10] Mr. Carroll immediately objected and "peaceably protested."[11] Police arrested and charged Mr. Carroll with trespass in response.[12] Mr. Carroll, ignoring the notice he should remain off campus, attended class on March 31, 2015 and University police arrested him for defiant trespass.[13]

A state court jury acquitted Mr. Carroll of the March 27th trespass but found him guilty for the March 31st trespass.[14] The Honorable Donald R. Totaro presided over the trial and sentenced Mr. Carroll to twelve months incarceration arising from the conviction for trespass on March 31.[15] Judge Totaro conditioned release upon, among other factors, Mr. Carroll: complying with mental health treatment; performing fifty hours of community service; staying off of University property; not contacting a University employee; and, contacting the University through its attorney.[16] We have no allegation as to whether Mr. Carroll appealed this conviction to the Pennsylvania appellate courts but the dockets reflect he appealed and the Pennsylvania Superior affirmed his conviction.[17]

Mr. Carroll violated these conditions in December 2015 and again in April 2017 by contacting University staff.[18] Police arrested Mr. Carroll under authority of bench warrants for these violations.[19] Mr. Carroll spent one month in jail for the December 2015 violation and another two and half months in jail for the April 2017 violation.[20] Judge Totaro also issued a warrant for Mr. Carroll's arrest in December 2016 based on Mr. Carroll's failure to complete fifty hours of community service.[21]

**II.    Analysis**

Mr. Carroll is now incarcerated for unknown reasons in Delaware County.[22] He renews his grievances from several years ago arising from his trespass conviction after the University removed him. We again granted the incarcerated Mr. Carroll leave to proceed *in forma pauperis* after review of his sworn financial condition.[23] Congress requires us to screen Mr. Carroll's Complaint under 28 U.S.C. § 1915A.[24] Congress requires we must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[25] On review, we must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."[26]

We apply the same standard used under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint for failure to state a claim under section 1915A(b)(1).[27] A complaint containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" meets the Rule 12(b)(6) standard.[28] We accept all factual allegations in Mr. Carroll's complaint as true and construe those facts in the light most favorable to him to determine whether he states a claim to relief plausible on its face.[29]

We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings particularly where the *pro se* litigant is imprisoned."[30] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[31] But "*pro se* litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[32]

Mr. Carroll *pro se* sues Judge Totaro and Lancaster County (where the University is located) for violating his civil rights under 42 U.S.C. § 1983.[33] Mr. Carroll claims the Judge and County violated the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution.[34] He brings claims of false arrest and false imprisonment, defamation of character, loss of personal property due to incarceration, intentional infliction of emotional distress, destruction/spoilage of evidence, and double jeopardy.[35] We liberally construe Mr. Carroll's *pro se* complaint as attempting to state two sets of civil rights claims: (1) claims against Judge Totaro for acting outside his jurisdiction when he sentenced Mr. Carroll for his March 31, 2015 trespass charge; and (2) claims against the Lancaster County for failure to train and discipline Judge Totaro and other judges on jurisdiction and double jeopardy.[36] Mr. Carroll seeks $3 million in damages and various orders asking us to unseal his March 27, 2015 case (the acquittal) and declare his March 31, 2015 charge as an acquittal.[37]

### A. We dismiss Mr. Carroll's claims against Judge Totaro with prejudice.

Mr. Carroll sues Judge Totaro in his individual and official capacities for the sentencing decisions he made as a judge after the jury convicted Mr. Carroll of trespass. Mr. Carroll seeks money damages from Judge Totaro.[38] The doctrine of judicial immunity prohibits Mr. Carroll from suing Judge Totaro. We dismiss claims against Judge Totaro with prejudice.

4

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."[39] A judge's immunity is overcome only if (1) the judge did not act in his judicial capacity; or (2) the judge acted "in the complete absence of all jurisdiction."[40] A judge acts in his judicial capacity when he performs "a function normally performed by a judge."[41] Where generally "a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes."[42] A judge will not be deprived of immunity because he acted in error, maliciously, or in excess of his authority; "rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."[43] Our Court of Appeals directs judges are protected by absolute judicial immunity when they make judicial determination in state court criminal proceedings.[44]

Mr. Carroll claims Judge Totaro acted without jurisdiction when he convicted and sentenced Mr. Carroll for the March 31, 2015 trespass charge.[45] Mr. Carroll argues since the jury acquitted him of the earlier March 27, 2015 trespass charge, Judge Totaro lost jurisdiction and should not have sentenced Mr. Carroll even though the jury found him guilty of the March 31st trespass charge.[46] Mr. Carroll does not and cannot allege facts showing Judge Totaro acted in the clear absence of jurisdiction. Judge Totaro instead made this judicial determination in a state court criminal proceeding relating to the March 31 trespass charge. There are also no facts showing Judge Totaro subjected Mr. Carroll to double jeopardy.[47]

We dismiss Mr. Carroll's claims against Judge Totaro with prejudice.

**B.     We dismiss Mr. Carroll's claims against Lancaster County with prejudice.**

Mr. Carroll sues Lancaster County for failing to train Judge Totaro and other judges about jurisdiction and double jeopardy.[48] We liberally interpret these allegations as claiming the County is liable for its direct conduct and in its municipal supervisory role under *Monell v. Department of*

*Social Services*.⁴⁹ We dismiss these allegations with prejudice as there is no basis to find the County has supervisory authority over a state court judge or the County trains state employees. Mr. Carroll does not allege direct conduct by the County.

Congress in Section 1983 provides a civil remedy for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws."⁵⁰ "Section 1983 does not by itself confer substantive rights, but instead provides a remedy for redress when a constitutionally protected right has been violated."⁵¹ A municipality may be liable under Section 1983 for a failure to train its employees, if the failure to train "amount[s] to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'"⁵² Municipal entities are liable under *Monell* for the constitutional violations of their employees if the employees acted under "a municipal policy or custom that resulted in [the] alleged constitutional violations."⁵³

Lancaster County does not employ or supervise Judge Totaro. Pennsylvania trial courts belong to the Unified Judicial System of the Commonwealth of Pennsylvania under the direct supervision of the Pennsylvania Supreme Court.⁵⁴ The Commonwealth, not the County, has authority over the conduct of the Pennsylvania state courts.⁵⁵ Mr. Carroll cannot sue Lancaster County for the alleged failure to train Judge Totaro.

Mr. Carroll cannot amend to allege supervisory liability against the County. He offers no custom or policy from the County affecting Judge Totaro's exercise of judicial discretion in sentencing following a jury verdict. We dismiss Mr. Carroll's civil rights claims against the County with prejudice.

Mr. Carroll alleges the County violated his First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights.⁵⁶ Mr. Carroll failed to allege wrongdoing against Lancaster County. Mr. Carroll cannot allege the County is responsible for training state court judges. Mr.

Carroll "cannot sue a county in federal court for civil rights violations arising out of the conduct of litigation in the county court of common pleas, since the courts are a state agency, and not part of county government."[57]

We dismiss Mr. Carroll's remaining constitutional challenges with prejudice.

### C. We dismiss all claims for declaratory relief arising from past conduct.

Mr. Carroll asks us to declare Judge Totaro injured Mr. Carroll and the jury acquitted him of both trespass charges.[58] Mr. Carroll's request for declaratory relief is improper because declaratory relief is not available to adjudicate past conduct.[59] A declaratory judgment is not "meant simply to proclaim that one party is liable to another."[60] We dismiss the demand for declaratory relief as to past conduct with prejudice.

### D. We will not exercise supplemental jurisdiction over state law claims.

Mr. Carroll invoked our limited federal question jurisdiction.[61] We dismiss all his claims over which we have original jurisdiction. But Mr. Carroll also brings claims for intentional infliction of emotional distress, loss of personal property, and spoilage of evidence.

We could exercise supplemental jurisdiction over Mr. Carroll's state law claims under 28 U.S.C. § 1367(a). But our supplemental jurisdiction is discretionary.[62] We may consider our supplemental jurisdiction *sua sponte*.[63] We "may decline to exercise supplemental jurisdiction" over a claim if one of four factors exists:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[64]

We decline to exercise supplemental jurisdiction over Mr. Carroll's state law claims for intentional infliction of emotional distress, loss of personal property, and spoilage of evidence because we dismissed all claims over which we have original jurisdiction.[65]

## III. Conclusion

Mr. Carroll cannot sue Judge Totaro for presiding over his trial and sentencing him because he enjoys absolute judicial immunity in these judicial roles. Mr. Carroll also cannot sue Lancaster County for failure to train and discipline Judge Totaro and other judges because the County does not employ state court judges and bears no responsibility for their training. We dismiss Mr. Carroll's claims against Judge Totaro and Lancaster County with prejudice.

---

[1] We amend our October 4, 2022 Memorandum solely to correct the Defendant's name in the caption.

[2] Mr. Carroll is a frequent litigator in this Court. *See Carroll v. Millersville University of Pennsylvania, et al.*, No. 16-1406; *Carroll v. Wright*, No. 19-238; *Carroll v. Bauman et al.*, No. 19-721; *Carroll v. Madara*, No. 19-2059; *Carroll v. Anders*, No. 19-2060; *Carroll v. Dodszuweit*, No. 21-3369; *Carroll v. McCann*, No. 21-5143; *Carroll v. The Warden of George W. Hill Correctional Facility, et al.*, No. 21-5165; *Carroll v. Delaware County of Pennsylvania, et al.*, No. 21-5289; *Carroll v. The Life Center Eastern Delaware, et al.*, No. 21-5669; *Carroll v. Brennan*, No. 21-5685; *Carroll v. Love, et al.*, No. 21-5691; *Carroll v. Delaware County Court of Common Pleas, et al.*, No. 22-252; *Carroll v. Mallon*, No. 22-848.

[3] *Carroll v. Richardson*, No. 16-1406, 2021 WL 3209715, at *1 (E.D. Pa. July 29, 2021), *appeal dismissed sub nom. Carroll v. Millersville Univ. of Pen*, No. 21-2633, 2021 WL 7209746 (3d Cir. Dec. 22, 2021).

[4] ECF Doc. No. 2 ¶ 3. We derive the facts from the Complaint (ECF Doc. No. 2) and publicly available records of which we take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

[5] ECF Doc. No. 2 ¶ 4.

[6] *Id*. ¶ 5.

[7] *Id.* ¶ 6.

[8] *Id.*

[9] *Id.* ¶ 7. Mr. Carroll sued Director Austin in *Carroll v. Richardson,* No. 16-1406. We dismissed claims against her. *See Carroll*, 2021 WL 3209715, at *8–10.

[10] *Id.* ¶¶ 8–12.

[11] *Id.* ¶ 13.

[12] *Id.* ¶ 16.

[13] *Id.* ¶¶ 18–19.

[14] *Id.* ¶ 33.

[15] *Id.* ¶¶ 24, 35.

[16] *Id.* ¶ 3.

[17] Criminal Docket No. CP-36-CR-0001537-2015; *see also Commonwealth v. Carroll,* No. 88-2016, 2017 WL 1178073, at *1 (Pa. Super. Ct. Mar. 29, 2017).

[18] ECF Doc. No. 2 ¶¶ 37, 39.

[19] *Id.*

[20] *Id.*

[21] *Id.* ¶ 38.

[22] Mr. Carroll sued Delaware County, his present custodial facility, judges, prosecutors, and a series of state actors several months ago arising from his present pretrial detention. *See Carroll v. George W. Hill Correctional Facility, et al.*, No. 22-1720; *Carroll v. Delaware County Prison, et al.*, No. 22-2110. We granted him leave to proceed without paying the filing fees and began screening his extensive allegations in at least two cases. We consolidated his related claims. *Carroll v. George W. Hill Correctional Facility, et al.*, No. 22-1720 at ECF Doc. No. 25. Mr. Carroll wanted to amend, and we directed he could amend but there is no case to amend until we complete the screening. *Id.* at ECF Doc. No. 31. Mr. Carroll appealed and his claims are now before the Court of Appeals. *Id.* at ECF Doc. No. 32. We deferred on the screening while he appeals.

[23] ECF Doc. No. 5.

[24] *Shane v. Fauver*, 213 F.3d 113, 116 n. 2 (3d Cir. 2000).

[25] 28 U.S.C. § 1915A(a).

---

[26] 28 U.S.C. § 1915A(b)(1).

[27] *Turner v. District Att'y Phila. Cnty.*, No. 22-491, 2022 WL 1568395, at *3 (E.D. Pa. May 18, 2022) (citing *Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[29] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)) (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[30] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

[31] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244).

[32] *Id.* (quoting *Mala*, 704 F.3d at 245) (italics added).

[33] ECF Doc. No. 2 at 2. Congress in Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

[34] ECF Doc. No. 2 at 2.

[35] *Id*. at 19.

[36] *Id*. ¶¶ 24–34.

[37] *Id*. at 19.

[38] *Id*.

[39] *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).

[40] *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)); *see also Clark v. All the Judges of the Crim. Just. Ctr.*, No. 21-5690, 2022 WL 1567321, at *2 (E.D. Pa. May 18, 2022).

---

[41] *Clark*, 2022 WL 1567321, at *2 (quoting *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)).

[42] *Clark v. Warden & All Prison Guards*, No. 21-5498, 2022 WL 1443427, at *4 (E.D. Pa. May 5, 2022) (quoting *Figueroa*, 208 F.3d at 443–44).

[43] *Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (internal quotations omitted).

[44] *Id.* (holding lower court properly dismissed § 1983 action by a *pro se* plaintiff against two state court judges where plaintiff complained of "judicial actions [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity").

[45] ECF Doc. No. 2 ¶¶ 33–34.

[46] *Id.*

[47] The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Mr. Carroll appears to allege Judge Totaro violated the Double Jeopardy Clause when a jury convicted, and he sentenced Mr. Carroll for the March 31st trespass charge. *See* ECF Doc. No. 2 ¶ 33. Mr. Carroll claims the acquittal of the March 27th trespass charge should have resulted in an acquittal of the March 31st charge. *Id.* But "Double jeopardy attaches when it is shown that the two offenses charged are in law and in fact the same offense." *United States v. Yahsi*, 490 F. App'x 476, 478 (3d Cir. 2012) (quoting *United States v. Felton*, 753 F.2d 276, 278 (3d Cir.1985)) (internal quotations omitted)). The March 27th and March 31st charges, although both alleging trespasses, constituted two separate offenses based on two separate incidents of trespass.

[48] ECF Doc. No. 2 ¶ 27.

[49] 436 U.S. 658 (1978).

[50] 42 U.S.C. § 1983.

[51] *Ekwunife v. City of Philadelphia*, 245 F. Supp. 3d 660, 670 (E.D. Pa. 2017), *aff'd*, 756 F. App'x 165 (3d Cir. 2018) (quoting *Goff v. Kutztown Univ.*, 63 F. Supp. 3d 475, 480 (E.D. Pa. 2014) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

[52] *Id.* at 674.

[53] *Williams v. Toomey*, 808 F. App'x 66, 69 (3d Cir. 2020) (citing *Monell*, 436 U.S. at 690–92).

[54] *Jakomas v. McFalls*, 229 F. Supp. 2d 412, 428–29 (W.D. Pa. 2002).

[55] *Id.* at 429.

[56] ECF Doc. No. 2 at 19.

---

[57] *Andresen v. Pennsylvania*, No. 1:20-989, 2020 WL 9048845, at *7 (M.D. Pa. Dec. 16, 2020), *report and recommendation adopted*, No. 1:20-989, 2021 WL 1174497 (M.D. Pa. Mar. 29, 2021).

[58] ECF Doc. No. 2 at 19.

[59] *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").

[60] *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

[61] Mr. Carroll did not invoke our limited jurisdiction under 28 U.S.C. § 1332. He does not adequately plead diversity jurisdiction as he fails to plead the citizenship of all parties whom we can take judicial notice are Pennsylvania citizens.

[62] *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

[63] *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016).

[64] 28 U.S.C. § 1367(c); *see also Patel*, 666 F. App'x at 136.

[65] 28 U.S.C. § 1367(c)(3).