IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTIS C. CARROLL, JR.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 22-3885** |
| | : | |
| **DONALD R. TOTARO, LANCASTER COUNTY OF PENNSYLVANIA** | : : | |

# ORDER

**AND NOW**, this 7th day of November 2022, upon considering the incarcerated Plaintiff's pro se Motion to reconsider (ECF Doc. No. 8) our October 4, 2022 Order (ECF Doc. No. 7) dismissing his Complaint seeking monetary recovery from the state court judge who presided over his case in Lancaster County, finding Plaintiff offers no basis to find he can plead claims with merit, the remaining portions of his arguments challenge aspects of Pennsylvania criminal procedure not before us, and he otherwise apparently challenges the merits of the state court judge's decision, and finding no allegation allowing Plaintiff to sue Judge Totaro in his individual or official capacity, it is **ORDERED** we **deny** Plaintiff's Motion for reconsideration (ECF Doc. No. 8) as we find no change in the law, no new evidence, and no clear error or manifest injustice in dismissing claims against a absolutely immune state court judge exercising his judicial obligations.[1]

_____
**KEARNEY, J.**

---

[1] A motion for reconsideration may only be granted when Mr. Carroll shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [previous] motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mr. Carroll does not come close to these standards to reconsider our October 4, 2022 Order. He is correct we mistakenly identified the first name of the state court judge in the Memorandum (ECF Doc. No. 6) caption based on confusion arising from the Plaintiff's handwritten filings. We today issue an amended Memorandum without affecting our October 4, 2022 final Order (ECF Doc. No. 7) which now correctly identifies the first name of the state court judge in the caption consistent with the correct name in the governing October 4, 2022 Order.